**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

NICOLETTE KIRSTEIN, individually and on behalf of a class of all persons and entities similarly situated,

        Plaintiff,

vs.

LIT FINANCIAL CORPORATION,

        Defendant.

Case No.

---

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      Plaintiff Nicolette Kirstein ("Plaintiff") brings this action under the TCPA alleging that Lit Financial Corporation contacted Plaintiff, whose number is on the National Do Not Call Registry. Those calls were made without the call recipient's prior express written consent.

4.      Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

5.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6.    Plaintiff Nicolette Kirstein is a person who resides in this District and was there when she received the calls at issue.

7.    Defendant Lit Financial Corporation is a Michigan corporation.

## Jurisdiction & Venue

8.    The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

9.    This Court has specific jurisdiction over Defendant Lit Financial Corporation, because it sent telemarketing calls into the state.

10.    Venue is proper under 28 U.S.C. § 1391(b)(1) because Plaintiff received the calls in this District.

## The Telephone Consumer Protection Act

11.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

12.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

15.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16.    Plaintiff's telephone number is (XXX) 680-XXXX.

17.    Plaintiff uses this telephone number for personal, residential, and household purposes.

18.    Plaintiff's telephone number is not associated with any business, nor does Plaintiff use this telephone number for business purposes.

19.    On June 29, 2003, Plaintiff personally listed her telephone number on the National Do Not Call Registry and has not removed it from the Registry since that time.

20.    Plaintiff never provided her prior express written consent to receive telephone solicitation calls from Defendant.

21.    Despite this, starting on June 11, 2025, Plaintiff received dozens of telephone calls from Defendant on her residential telephone, XXX-680-XXXX.

22.    On June 11, 2025, Plaintiff received two unanswered calls on her cellular telephone from telephone number (888) 996-5441.

23.    The caller I.D. for both calls read "Lit Financial."

24.    Later on June 11, 2025, Plaintiff received another call on her telephone from a telephone number for which the caller I.D. read Lit Financial—(855) 432-0566.

25.     In order to get the calls to stop, Plaintiff answered the call and was connected with an individual who identified themselves as a representative of Defendant.

26.     Defendant's representative informed Plaintiff that the purpose of the call was to market Defendant's loan products to Plaintiff.

27.     Plaintiff informed Defendant's representative that she was not interested in Defendant's products and requested that Defendant cease calling her.

28.     Despite confirming Plaintiff's do-not-call request, Plaintiff received nine (9) additional calls on June 11, 2025, from the following telephone numbers associated with Defendant:

> (855) 432-0566
> (888) 995-4105
> (888) 933-5312 (6 calls)
> (855) 352-7655

29.     The caller I.D. for each of the nine (9) telephone calls read "Lit Financial."

30.     On June 12, 2025, Plaintiff received an additional call on her cellular telephone from Defending using the telephone number (888) 997-6329.

31.     Again, the caller I.D. for this call read "Lit Financial."

32.     Between June 12 and June 18, 2025, Plaintiff received 23 additional calls from Defendant on her cellular telephone. These 23 calls came from the following telephone numbers on the following dates:

> **June 12, 2025**
> (732) 719-3434
> (201) 608-3547
> (848) 216-1067 (2 calls)
>
> **June 13, 2025**
> (475) 208-4735
> (203) 900-2082
> (908) 838-9642
> (201) 608-3547

**June 16, 2025**
(973) 380-0306 (2 calls)
(732) 481-2290
(347) 273-2913
(347) 309-5409

**June 17, 2025**
(862) 312-2363 (2 calls)
(862) 351-2016
(347) 309-5399 (2 calls)
(732) 719-3434

**June 18, 2025**
(914) 246-8471
(347) 309-5399
(845) 816-2451
(914) 639-0693

33.     On June 18, 2025, at 12:53 p.m., Plaintiff received yet another call from Defendant on her cellular telephone. This call was from telephone number (973) 947-6271.

34.     When Plaintiff answered the call, the caller identified himself as Michael from Lit Financial.

35.     During the call Michael described Defendant as a wholesale lender.

36.     When Plaintiff asked Michael why he was calling, he said he was marketing Defendant's loans, refinancing, and HELOC products.

37.     Plaintiff informed Michael that she had been getting a lot of calls from Defendant and that she did not want to receive any further calls.

38.     Plaintiff also specifically requested to be placed on Defendant's internal do not call list.

39.     In response, Michael asserted that this call was only Lit Financial's second call to Plaintiff's telephone number—the first having occurred one week earlier—despite Plaintiff having received at least 36 prior calls from Defendant.

40.    Plaintiff and other individuals who received these telephone calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

### Class Action Statement

41.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

42.    Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

43.    Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call, text message, or combination thereof, from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

44.    Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as she has no interests that conflict with any of the Class members.

45.    Excluded from the Class are counsel, Defendant, and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

46.    Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

47.    This Class Action Complaint seeks injunctive relief and money damages.

48.     The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

49.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

50.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

51.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

52.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

53.     There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a.     Whether Defendant made multiple calls to Plaintiff and members of the Class;

b.     Whether Defendant's conduct constitutes a violation of the TCPA; and

c.     Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

54.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

55.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are

committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

56.    Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

57.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

58.    Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

### FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c))**
**(On behalf of Plaintiff and the Class)**

59.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

60.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the Class despite their numbers being on the National Do Not Call Registry.

61.    Defendant's violations were negligent, willful, or knowing.

62.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

members of the Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

63.     Plaintiff and the members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B.     That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.     Such other relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff requests a jury trial as to all claims of the complaint so triable.

RESPECTFULLY SUBMITTED AND DATED this July 17, 2025.

By: *<u>/s/ Jeremy C. Jackson</u>*
    Jeremy C. Jackson (PA Bar No. 321557)
    BOWER LAW ASSOCIATES, PLLC
    403 S. Allen St., Suite 210
    State College, PA 16801
    Tel.: 814-234-2626
    jjackson@bower-law.com