UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICOLETTE KIRSTEIN,

        Plaintiff,

v.                              Civil Action No. 5:25-CV-03660-JLS

LIT FINANCIAL CORPORATION,

        Defendant.

DEFENDANT LIT FINANCIAL CORPORATION'S
ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Lit Financial Corporation ("Lit Financial"), by counsel, hereby answers the Complaint filed by Plaintiff Nicolete Kirstein ("Plaintiff"). Except as expressly admitted herein, each and every allegation in the Complaint is denied.

PRELIMINARY STATEMENT

1.      The allegations in Paragraph 1 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

2.      The allegations in Paragraph 2 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

3.      In response to the allegations in Paragraph 3 of the Complaint, Lit Financial is without knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that her telephone number is on the National Do Not Call Registry and therefore denies the same. Lit Financial denies that it lacked Plaintiff's prior express written consent to contact her by telephone. Lit Financial denies any remaining allegations in Paragraph 3 of the Complaint.

4.      The allegations in Paragraph 4 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

5.      The allegations in Paragraph 5 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

## PARTIES

6.      Lit Financial is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies them.

7.      The allegations in Paragraph 7 of the Complaint state legal conclusions not requiring a response.  To the extent that the allegations are contrary to law, they are denied.

## JURISDICTION AND VENUE

8.      The allegations in Paragraph 8 of the Complaint state legal conclusions not requiring a response.  To the extent that the allegations are contrary to law, they are denied.

9.      The allegations in Paragraph 9 of the Complaint state legal conclusions not requiring a response.  To the extent that the allegations are contrary to law, they are denied.

10.      The allegations in Paragraph 10 of the Complaint state legal conclusions not requiring a response.  To the extent that the allegations are contrary to law, they are denied.

## THE TELEPHONE CONSUMER PROTECTION ACT

11.      The allegations in Paragraph 11 of the Complaint state legal conclusions not requiring a response.  To the extent that the allegations are contrary to law, they are denied.

12.      The allegations in Paragraph 12 of the Complaint state legal conclusions not requiring a response.  To the extent that the allegations are contrary to law, they are denied.

13.     The allegations in Paragraph 13 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

14.     The allegations in Paragraph 14 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

## **FACTUAL ALLEGATIONS**

15.     The allegations in Paragraph 15 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

16.     Lit Financial is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies them.

17.     Lit Financial is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies them.

18.     Lit Financial is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint, and therefore denies them.

19.     Lit Financial is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint, and therefore denies them.

20.     Lit Financial denies the allegations in Paragraph 20 of the Complaint.

21.     In response to the allegations in Paragraph 21 of the Complaint, Lit Financial states that it contacted Plaintiff at the (XXX) 680-XXXX telephone number (the "680 number") because Plaintiff expressed interest in home equity loans, including a 15-year cash-out refinance mortgage, and provided her prior express written consent to be contacted at the 680 number regarding Lit Financial's services and products. Lit Financial denies any remaining allegations in Paragraph 21 of the Complaint.

22.     In response to the allegations in Paragraph 22 of the Complaint, Lit Financial states that it contacted Plaintiff at the 680 number because Plaintiff expressed interest in home equity loans, including a 15-year cash-out refinance mortgage, and provided her prior express written consent to be contacted at the 680 number regarding Lit Financial's services and products. Lit Financial denies any remaining allegations in Paragraph 22 of the Complaint.

23.     In response to the allegations in Paragraph 23 of the Complaint, Lit Financial is without knowledge or information sufficient to form a belief about the appearance of any call to Plaintiff's telephone number, and therefore denies them.

24.     In response to the allegations in Paragraph 24 of the Complaint, Lit Financial states that it contacted Plaintiff at the 680 number because Plaintiff expressed interest in home equity loans, including a 15-year cash-out refinance mortgage, and provided her prior express written consent to be contacted at the 680 number regarding Lit Financial's services and products. Lit Financial is without knowledge or information sufficient to form a belief about the appearance of any call to Plaintiff's telephone number, and therefore denies them. Lit Financial denies any remaining allegations in Paragraph 24 of the Complaint

25.     In response to the allegations in Paragraph 25 of the Complaint, Lit Financial states that it contacted Plaintiff at the 680 number because Plaintiff expressed interest in home equity loans, including a 15-year cash-out refinance mortgage, and provided her prior express written consent to be contacted at the 680 number regarding Lit Financial's services and products. Lit Financial is without knowledge or information sufficient to form a belief about Plaintiff's allegations regarding her purported motivations in answering any call, and therefore denies them. Lit Financial denies any remaining allegations in Paragraph 25 of the Complaint.

26.     In response to the allegations in Paragraph 26 of the Complaint, Lit Financial states that it contacted Plaintiff at the 680 number because Plaintiff expressed interest in home equity loans, including a 15-year cash-out refinance mortgage, and provided her prior express written consent to be contacted at the 680 number regarding Lit Financial's services and products.  To the extent the allegations in Paragraph 26 contain legal conclusions, these conclusions do not require a response; to the extent that the allegations are contrary to law, they are denied.

27.     Lit Financial denies the allegations in Paragraph 27 of the Complaint.

28.     In response to the allegations in Paragraph 28 of the Complaint, Lit Financial states that it contacted Plaintiff at the 680 number because Plaintiff expressed interest in home equity loans, including a 15-year cash-out refinance mortgage, and provided her prior express written consent to be contacted at the 680 number regarding Lit Financial's services and products.

29.     In response to the allegations in Paragraph 29 of the Complaint, Lit Financial is without knowledge or information sufficient to form a belief about the appearance of any call to Plaintiff's telephone number, and therefore denies them.

30.     In response to the allegations in Paragraph 30 of the Complaint, Lit Financial states that it contacted Plaintiff at the 680 number because Plaintiff expressed interest in home equity loans, including a 15-year cash-out refinance mortgage, and provided her prior express written consent to be contacted at the 680 number regarding Lit Financial's services and products.

31.     In response to the allegations in Paragraph 31 of the Complaint, Lit Financial is without knowledge or information sufficient to form a belief about the appearance of any call to Plaintiff's telephone number, and therefore denies them.

32.     In response to the allegations in Paragraph 32 of the Complaint, Lit Financial states that it contacted Plaintiff at the 680 number because Plaintiff expressed interest in home equity

loans, including a 15-year cash-out refinance mortgage, and provided her prior express written consent to be contacted at the 680 number regarding Lit Financial's services and products.

33.     In response to the allegations in Paragraph 33 of the Complaint, Lit Financial states that it contacted Plaintiff at the 680 number because Plaintiff expressed interest in home equity loans, including a 15-year cash-out refinance mortgage, and provided her prior express written consent to be contacted at the 680 number regarding Lit Financial's services and products.

34.     In response to the allegations in Paragraph 34 of the Complaint, Lit Financial states that it contacted Plaintiff at the 680 number because Plaintiff expressed interest in home equity loans, including a 15-year cash-out refinance mortgage, and provided her prior express written consent to be contacted at the 680 number regarding Lit Financial's services and products.

35.     Lit Financial is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint, and therefore denies them.

36.     Lit Financial is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint, and therefore denies them.

37.     Lit Financial denies the allegations in Paragraph 37 of the Complaint.

38.     In response to the allegations in Paragraph 38 of the Complaint, Lit Financial admits only that Plaintiff requested, for the first time, to be added to Lit Financial's do-not-call list on June 18, 2025.  Lit Financial did not call Plaintiff after June 18.  Lit Financial denies any remaining allegations in Paragraph 38 of the Complaint.

39.     Lit Financial is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint, and therefore denies them.

40.     The allegations in Paragraph 40 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

<h2 style="text-align:center">CLASS ACTION STATEMENT</h2>

41.     Lit Financial incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

42.     The allegations in Paragraph 42 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

43.     The allegations in Paragraph 43 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

44.     The allegations in Paragraph 44 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

45.     The allegations in Paragraph 45 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

46.     The allegations in Paragraph 46 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

47.    The allegations in Paragraph 47 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

48.    The allegations in Paragraph 48 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

49.    The allegations in Paragraph 49 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

50.    The allegations in Paragraph 50 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

51.    The allegations in Paragraph 51 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

52.     The allegations in Paragraph 52 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

53.     The allegations in Paragraph 53 of the Complaint, including sub-paragraphs a through c, state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.  Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

54.     The allegations in Paragraph 54 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

55.     The allegations in Paragraph 55 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

56.     The allegations in Paragraph 56 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

57.     The allegations in Paragraph 57 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

58.     Lit Financial is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint, and therefore denies them.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act

59.     Lit Financial incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

60.     Lit Financial denies the allegations in Paragraph 60 of the Complaint.

61.     Lit Financial denies the allegations in Paragraph 61 of the Complaint.

62.     Lit Financial denies the allegations in Paragraph 62 of the Complaint.  Lit Financial further denies that any class could ever be certified in this action against Lit Financial.

63.     Lit Financial denies the allegations in Paragraph 63 of the Complaint.  Lit Financial further denies that any class could ever be certified in this action against Lit Financial.

## RELIEF REQUESTED

As to the "Prayer for Relief" paragraph following Paragraph 63 of the Complaint, Lit Financial denies that Plaintiff or any putative class member is entitled to any form of relief under any theory of recovery whatsoever.

## JURY DEMAND

As to the "Jury Demand" paragraph following the "Prayer for Relief" paragraph, Lit Financial admits that Plaintiff purports to request a trial by jury; Lit Financial denies that Plaintiff or any putative class member is entitled to a jury trial against Lit Financial.

Lit Financial denies, generally and specifically, all allegations not specifically admitted herein, including any and all allegations contained in the headings and/or unnumbered paragraphs

in the Complaint.  Lit Financial reserves the right to rely upon any and all defenses as may become known through discovery or trial.  Lit Financial reserves the right to amend this Answer to the Complaint to conform the evidence as determined in discovery or trial.

**Affirmative and Other Defenses**

Without assuming any burden of proof or burden not required by law, Lit Financial alleges the following affirmative and other defenses with respect to Plaintiff and members of the putative class she seeks to represent (even if the affirmative defense is addressed only to Plaintiff and without prejudice to Lit Financial's contention that no class can be maintained).

**First Defense**

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiff's claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of putative class members; Plaintiff and her counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties in any attempt to proceed as a class action.

**Second Defense**

Plaintiff's claims are barred, in whole or in part, to the extent the claims made in the Complaint on behalf of putative class members are barred by the doctrine of judicial estoppel, collateral estoppel, and *res judicata*, including with respect to any other actions filed by Plaintiff.

11

### Third Defense

Plaintiff and the putative class members cannot recover from Lit Financial to the extent to which class recovery would deprive Lit Financial of its due process rights to assert individualized defenses to claims of class members.

### Fourth Defense

Plaintiff and the putative class members cannot recover from Lit Financial individually or as a class for punitive or exemplary damages on the grounds that any award of punitive or exemplary damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiff and/or the putative class members and the gross disparity between the allegations of harm and the size of the claim. Stating further, any award of punitive or exemplary damages would violate the constitutional standards enunciated in cases such as *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Fifth Defense

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Lit Financial, and further fails to state facts sufficient to entitle Plaintiff or the putative class members to the relief sought, or to any other relief from Lit Financial.

### Sixth Defense

Plaintiff cannot recover from Lit Financial under the Complaint to the extent that she has not alleged, or cannot maintain, an actual injury-in-fact as this deprives the Court of Article III jurisdiction.

## Seventh Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, to the extent that Lit Financial obtained prior express consent for the call(s) alleged in the Complaint.

## Eighth Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, to the extent that Plaintiff and the putative class members lack standing.

## Ninth Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, to the extent that Plaintiff and the putative class members are not a "called party" within the meaning of the Telephone Consumer Protection Act ("TCPA").

## Tenth Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, because Lit Financial had and/or reasonably relied upon the requisite consent to make the at-issue calls.

## Eleventh Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, because Plaintiff has not sufficiently alleged (nor can she prove) that Lit Financial willfully violated the Telephone Consumer Protection Act.

## Twelfth Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, to the extent that, at all relevant times with respect to Plaintiff, Lit Financial acted in good faith and complied fully with the Telephone Consumer Protection Act.

13

**Thirteenth Defense**

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, as any statutory violation by Lit Financial was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation.

**Fourteenth Defense**

Plaintiff's claims, and the claims of the putative class members, are barred to the extent they have failed to mitigate their alleged damages.

**Fifteenth Defense**

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, under the applicable statutes of limitations as well as the doctrines of waiver, laches, and/or estoppel.

**Sixteenth Defense**

Plaintiff's claims, and the claims of the putative class members are barred, in whole or in part, to the extent they are precluded by any previous waivers or releases of claims, including those related to any previous settlement agreements.

**Seventeenth Defense**

Plaintiff's claims, and the claims of the putative class members are barred, in whole or in part, by judicial estoppel to the extent they failed to disclose such claims in any bankruptcy proceedings.

**Eighteenth Defense**

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

**Nineteenth Defense**

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, under the doctrine of unclean hands.

**Twentieth Defense**

Lit Financial reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Lit Financial Corporation, by counsel, respectfully requests that the Court enter an Order: (1) dismissing with prejudice the Complaint; (2) awarding Lit Financial its costs and expenses incurred herein; and (3) awarding Lit Financial such other and further relief as the Court may deem just and proper.

Dated: September 11, 2025                **LIT FINANCIAL CORPORATION**

By: *Sean M. Craig*
Sean M. Craig, PA Bar No. 331672
Troutman Pepper Locke LLP
3000 Two Logan Square,
Eighteenth and Arch Streets
Philadelphia, PA 19103
Telephone: 215-981-4241
Fax: 215-981-4750
Email: Sean.Craig@troutman.com

*Counsel for Defendant Lit Financial Corporation*

15

**CERTIFICATE OF SERVICE**

I certify that, on September 11, 2025, I filed the foregoing document on all counsel of record through the Court's Electronic Case Filing System.

/s/ *Sean M. Craig*
Sean M. Craig