IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NICOLETTE KIRSTEIN**, individually and on behalf of a class of all persons and entities similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**LIT FINANCIAL CORPORATION**,<br><br>Defendant. | Case No. 5:25-cv-03660-JLS |

**LIT FINANCIAL CORPORATION'S MOTION FOR
LEAVE TO FILE ITS AMENDED ANSWER AND COUNTERCLAIM**

Defendant Lit Financial Corporation ("Lit Financial") respectfully moves this Court for leave to amend its Answer to Plaintiff Nicolette Kirstein's ("Plaintiff") Complaint and to add a counterclaim of common law fraud against Plaintiff pursuant to Federal Rule of Civil Procedure 15(a)(2).

As set forth in the accompanying Memorandum of Law, Lit Financial seeks leave to amend its Answer to correct certain responses to Plaintiff's allegations, add additional affirmative defenses, and assert a single counterclaim for common law fraud arising from the same transaction and occurrence that forms the basis of Plaintiff's claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), and 47 C.F.R. § 64.1200(c). The proposed Amended Answer is attached hereto as Exhibit A.

**MEMORANDUM OF LAW AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiff sued Lit Financial, alleging that Lit Financial placed multiple unsolicited telephone solicitation calls to her residential number listed on the National Do Not Call Registry in violation of the Telephone Consumer Protection Act ("TCPA"). Lit Financial was attempting to contact Plaintiff pursuant to Plaintiff's own online submission through FreeRateUpdate.com, in which she expressly authorized contact regarding mortgage and refinancing products. Lit Financial seeks leave to amend its Answer to correct the record and assert a counterclaim demonstrating that this case is the product of Plaintiff's own misrepresentations, not unlawful conduct by Lit Financial.

The evidence shows that on June 11, 2025, Plaintiff voluntarily submitted her contact information through FreeRateUpdate.com, expressly authorizing contact regarding mortgage products. Despite giving that consent, Plaintiff filed this lawsuit against Lit Financial alleging that she never provided her prior express consent to receive any telephone solicitations from Lit Financial. ECF No. 1 at ¶ 20. But the evidence tells a different story: Plaintiff's submission was not a legitimate inquiry for mortgage services but a deliberate attempt to manufacture a TCPA claim.

Lit Financial's proposed amendments to its Answer correct certain prior responses, add affirmative defenses supported by the full factual record, and assert a counterclaim for common-law fraud based on Plaintiff's knowingly false representations and bad-faith conduct.

The amendment is timely, made in good faith, and causes no prejudice. Discovery is still in its early stages, no new parties are added, and the amendments concern the same operative facts already at issue. Granting leave will simply ensure that the pleadings are accurate.

Because Rule 15(a)(2) directs that leave to amend "should freely be given when justice so requires," and because justice here requires a complete and truthful record, this Court should grant Lit Financial leave to file its Amended Answer and Counterclaim.

## II.  PLAINTIFF'S ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff filed this action on July 17, 2025, alleging violations of the TCPA, 47 U.S.C. § 227(c)(5), and 47 C.F.R. § 64.1200(c). *See generally* ECF No. 1. She alleges that Lit Financial placed multiple unconsented to "telephone solicitation" calls to her number listed on the National Do Not Call Registry since 2003. *Id.* at ¶¶ 19–22. Plaintiff seeks to represent a putative nationwide Do Not Call Registry Class. *Id.* at ¶ 43.

Plaintiff served the Summons and Complaint on July 23, 2025. ECF No. 10. On August 13, 2025, by stipulation and order, Lit Financial's response deadline was extended through September 11, 2025. ECF No. 12. Lit Financial timely filed its Answer on September 11, 2025. ECF No. 14. On September 16, 2025, the Court ordered discovery to commence. ECF No. 15.

On October 1, 2025, Timur Ryan Dikec entered his appearance as local counsel and prior counsel withdrew. ECF Nos. 17–18. On October 14, 2025, Mr. Dikec filed pro hac vice motions for Eric J. Troutman, Tori L. Guidry, Puja Amin, and Blake Landis of Troutman Amin, LLP. ECF Nos. 19–22.  These pro hac vice motions were granted on October 23, 2025. ECF Nos. 23-26.

During counsel's review of the matter, Lit Financial confirmed that its records establish on June 11, 2025, Plaintiff voluntarily submitted her name and telephone number through FreeRateUpdate.com, expressly consenting to receive "telephone solicitation" calls regarding mortgage products. Notwithstanding that consent, Plaintiff now alleges that the resulting calls were unsolicited.

3

Lit Financial therefore seeks leave to amend its Answer to correct certain prior responses, add affirmative defenses supported by the evidentiary record, and assert a counterclaim for common-law fraud arising from Plaintiff's misrepresentations in providing her information for the purpose of manufacturing litigation rather than obtaining legitimate services from Lit Financial.

### III.     LEGAL STANDARD

Leave to add a counterclaim that was omitted from an original answer and later discovered, but which was mature when the answer was filed, is evaluated under the liberal amendment standard set forth in Rule 15(a)(2) of the Federal Rules of Civil Procedure ("FRCP"). Under that standard, amendment is generally permitted unless the opposing party makes a showing of bad faith, undue delay, prejudice by virtue of allowing the amendment, or futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *WebXchange Inc. v. Dell Inc.*, 2010 WL 256547, at *2 (D. Del. Jan. 20, 2010) (applying Rule 15(a) and granting leave to amend answer and counterclaim where sought without undue delay and non-prejudicial to opponent); *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 487 (D. Del. 2003) (granting leave to amend where there was no undue delay or prejudice).

Courts apply this liberal amendment policy to answers as well as complaints and routinely allow amendments to add counterclaims when justice so requires. *See Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 740 (D. Del. 2002) (granting leave to amend answer and counterclaims to assert additional inequitable-conduct and contract-based claims); *see also BDB & Sons Moving, Inc. v. Transguard Ins. Co.*, No. 08-3465, 2010 WL 4659155, at *3-6 (E.D. Pa. Nov. 16, 2010) (same). A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," and would not require the addition of a party over whom jurisdiction cannot be obtained. *See id.*; Fed. R. Civ. P. 13(a)(1)(A),

(B). The Third Circuit applies a "logical relationship" test when determining if a counterclaim is compulsory. *Transamerica Occidental Life Ins. Co. v. Aviation Off. of Am., Inc.*, 292 F.3d 384, 389 (3d Cir. 2002) (citing *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir. 1978) ("For a claim to qualify as a compulsory counterclaim, there need not be precise identity of issues and facts between the claim and the counterclaim; rather, the relevant inquiry is whether the counterclaim bears a logical relationship to an opposing party's claim." (internal quotations omitted)).

District courts have consistently recognized that leave should be granted where the amendment is timely, sought in good faith, and will not prejudice the opposing party. *Lynch v. Coinmaster USA, Inc.*, No. 06-365, 2007 WL 39433, at *3 (D. Del. Jan. 4, 2007) (granting leave to file amended answer and counterclaims); *W.R. Grace & Co.-Conn. v. Elysium Health, Inc.*, No. 20-1098-GBW, 2023 WL 6200280, at *5 (D. Del. Sept. 22, 2023) (same) (noting that Rule 15(a) leave is appropriate where no undue delay or prejudice exists).

**IV.    ARGUMENT—THE COURT SHOULD GRANT LIT FINANCIAL'S REQUEST FOR LEAVE TO AMEND ITS ANSWER AND TO ADD A COUNTERCLAIM FOR COMMON LAW FRAUD.**

**A.    Leave To Amend Is Freely Granted Under Rule 15(a).**

Where, as here, Lit Financial omitted the counterclaim from its original answer and Lit Financial's time to file a counterclaim as of right has expired, Lit Financial "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In *Foman v. Davis*, the Supreme Court instructed that leave should be granted absent a clear reason such as undue delay, bad faith, undue prejudice, or futility (371 U.S. 178, 182 (1962)). *Foman,* 371 U.S. at 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"). Lit Financial's proposed amendments satisfy this liberal standard.

All of the relevant factors weigh in favor of granting Lit Financial leave to file an amended answer and to assert a counterclaim for common law fraud. Plaintiff will not be able to show any bad faith, undue delay, prejudice or futility. *SG Equip. Fin. USA Corp. v. Kimball Elecs., Inc.*, No. CV 20-6005, 2021 WL 1143378, *3 (E.D. Pa. Mar. 25, 2021) (explaining that "[d]elay alone is insufficient" and that "there must also be an additional hardship") (finding no additional hardship where "no additional discovery [was] required or "radical alterations" [were made] to the theory of the case"); *Wofford v. Seba Abode, Inc.*, No. 2:20-CV-00084-RJC, 2021 WL 3113209 (W.D. Pa. July 22, 2021) (quoting *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 122 (W.D. Pa. 2010)) ("Given the liberal standard under Rule 15(a), the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility.").

**1. Lit Financial Acted Diligently and Without Undue Delay in Seeking Leave to Amend.**

Under Rule 15(a), "[d]elay, standing alone, is an insufficient basis for denying leave to amend." *BDB & Sons Moving, Inc. v. Transguard Ins. Co.*, No. 08-3465, 2010 WL 4659155, at *3 (E.D. Pa. Nov. 16, 2010). The delay becomes "undue" only where the moving party "fails to provide a colorable excuse for not amending sooner." *Id*.

Here, this Motion was filed only forty (40) days after Lit Financial's initial Answer—hardly the kind of delay that warrants denial. *See* ECF No. 14. On October 1 and 14, 2025, the substitute local counsel and the new counsel entered their appearances, respectively, and this Motion followed less than a month later. ECF Nos. 17, 19-22. Such prompt action reflects

6

diligence and good faith, not delay.

The short interval was necessary to allow new counsel to review the record, verify the factual basis for the proposed amendments, and confirm compliance with Rule 9(b). Because the counterclaim asserts common-law fraud, Lit Financial was required to plead the claim "with particularity," and was therefore "entitled to confirm factual allegations before amending to include" it. *Enzo Life Sciences, Inc.*, 270 F. Supp. 2d at 488 (citing *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 989 F. Supp. 1237, 1247 (N.D. Cal. 1997)).

The investigation undertaken by new counsel—including cross-analysis of the Complaint, call logs, and consent documentation—was necessary to correct inaccurate admissions, confirm the factual foundation of the fraud claim, and preserve thirteen additional affirmative defenses. *See* Exhibit A (redlined amendments to original Answer). The diligence and speed with which Lit Financial acted demonstrate full compliance with Rule 15(a)'s liberal standard. *Cardone Indus., Inc. v. Honeywell Int'l, Inc.*, No. CIV.A. 13-4484, 2014 WL 3389112, at *4 (E.D. Pa. July 11, 2014) ("The trial court must generally grant leave to amend 'unless equitable considerations render it otherwise unjust.'") (quoting *Arthur v. Maersk, Inc.,* 434 F.3d 196, 204 (3d Cir.2006)).

Further, discovery has only recently begun, and this motion comes before any amendment deadlines set forth in the Court's scheduling order. Thus, the Court should grant Lit Financial's request for leave to file its Amended Answer and Counterclaim.

**2. The Proposed Amendments Will Not Prejudice Plaintiff, as They Involve the Same Facts and Will Not Delay the Proceedings.**

"Prejudice to the non-moving party is the 'touchstone' for Rule 15(a) decisions." *BDB & Sons*, 2010 WL 4659155, at *3 (citing *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d. Cir.1984)). To deny leave, the prejudice must be "undue," meaning the non-moving party is "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which

7

it would have offered had the...amendments been timely." *Id.* (quoting *Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981)).

Plaintiff can make no such showing here. Discovery is in its infancy, with no depositions taken and written discovery responses not yet due. The proposed amendments—including the corrected denials, the thirteen new affirmative defenses, and the fraud counterclaim—all arise from the exact same "transaction or occurrence" as Plaintiff's TCPA claim: the online form submission and the subsequent calls. The evidence required to meet these amendments "is substantially similar to that which was originally required" to prosecute her own claim. *BDB & Sons*, 2010 WL 4659155, at *3 (quoting *Romero v. Allstate Ins. Co.*, No. CIV.A. 01-3894, 2010 WL 2996963, *13 (E.D. Pa. July 28, 2010)).

Plaintiff will not be prejudiced by allowing Lit Financial to pursue the counterclaim, as the consent evidence is already part of the case. Lit Financial has already asserted a "consent" affirmative defense, so it will be introducing evidence regarding the consent provided by Plaintiff in connection with that defense. *See* ECF No. 14 (7th affirmative defense). Therefore, the amendment will not require Plaintiff to expend significant additional resources or delay the resolution of this dispute.

In sum, because Plaintiff faces no undue prejudice and discovery remains at an early stage, the Court should grant Lit Financial leave to amend.

**3. The Proposed Amendments Are Not Futile.**

An amendment is futile if it "would fail to state a claim upon which relief could be granted," a standard identical to that of a Rule 12(b)(6) motion to dismiss. *WebXchange Inc.,* 2010 WL 256547 at *3 (citation omitted); *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 736 (D. Del. 2002) (recognizing that while leave to amend may be denied on grounds of futility,

it is generally inappropriate to engage in a full Rule 12(b)(6) analysis at the amendment stage). The court should "liberally allow amendments that state a colorable claim and defer judgment as to whether they survive a motion to dismiss." *Agere*, 190 F. Supp. 2d at 736 (citation omitted).

Here, the proposed amendments are not futile. The counterclaim for common law fraud plausibly alleges that Plaintiff knowingly made a false representation (her interest in mortgage services) to induce Lit Financial to make telephone calls, resulting in damages. Likewise, the thirteen newly asserted affirmative defenses—which include lack of personal jurisdiction over absent class members under *Bristol-Myers Squibb*, constitutional challenges to the TCPA, and *forum non conveniens*—are standard legal arguments in TCPA litigation and are not futile on their face. *See* Exhibit A.

Accordingly, because Lit Financial's proposed counterclaim and additional defenses are legally sufficient and present colorable issues for adjudication, the amendments cannot be deemed futile, and leave to amend is warranted under Rule 15(a).

**B.     The Proposed Counterclaim Is Compulsory Because It is Logically Related to Plaintiff's Claims.**

Lit Financial's proposed counterclaim is compulsory because it arises out of the same transaction or occurrence that is the underlying subject matter of Plaintiff's claim and does not require adding another party over whom the court cannot acquire jurisdiction. *See* Fed. R. Civ. Proc. 13(a)(1). The Third Circuit applies a "logical relationship" test to determine whether the two claims arise out of the same transaction or occurrence. *Transamerica Occidental Life Ins. Co.,* 292 F.3d at 389 (citing *Xerox Corp.*, 576 F.2d at 1059). When a proposed counterclaim is compulsory, the argument for allowing the amendment is "especially compelling." *Perfect Plastics Indus., Inc. v. Cars & Concepts, Inc.*, 758 F. Supp. 1080, 1082 (W.D. Pa. 1991) (quoting *Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214, 220 (5th Cir. 1975)). "This is so because an omitted

9

compulsory counterclaim cannot be asserted in subsequent cases and the pleader will lose the opportunity to have the claim adjudicated." *Id.* (citing 6 Wright Miller & Kane, Federal Practice and Procedure § 1430 at 223 (1990)).

Here, both parties' claims arise out of the same transaction or occurrence–namely Plaintiff's June 11, 2025, submission of her personal information through FreeRateUpdate.com, in which she voluntarily provided her name, address, telephone number, and email address, and expressly authorized contact from participating mortgage lenders regarding refinancing and home-equity products. That same submission is the source of the calls Plaintiff now characterizes as "unsolicited." Lit Financial's fraud counterclaim is therefore compulsory because it bears a "logical relationship" to Plaintiff's claim; it is based on Plaintiff's deceptive conduct in providing false information and feigned consent for the purpose of inducing the very calls she now challenges under the TCPA. *See BDB & Sons*, 2010 WL 4659155, at *3 ("The Third Circuit construes the terms "same transaction and occurrence" generously: the issues and facts involved in the counterclaim need not be identical to those in the claim, but instead the counterclaim must bear only a logical relationship to the opposing party's claims." (citation omitted)). Denying leave would likely bar Lit Financial from ever bringing this claim under the doctrine of *res judicata*, contravening the strong judicial policy of resolving all related disputes in a single action. *Id*. ("[A]mending to add a compulsory counterclaim weighs in favor of granting leave because impleaded compulsory counterclaims can be later barred by res judicata." (citing *Technographics, Inc. v. Mercer Corp.*, 142 F.R.D. 429, 430–31 (M.D.Pa.1992)). The claims are logically related and should be heard in the same action.

Thus, because Lit Financial's fraud counterclaim is compulsory under Rule 13(a) and arises from the same operative facts as Plaintiff's claims, leave to amend should be granted.

**V.      CONCLUSION**

For the foregoing reasons, Lit Financial respectfully requests that this Court grant its Motion for Leave to File an Amended Answer and Counterclaim to Plaintiff's Complaint.

Date: October 24, 2025                              Respectfully submitted:

*/s/ Timur R. Dikec*
Timur R. Dikec
Pennsylvania Bar No. 333225
Nelson Mullins Riley & Scarborough LLP
One PPG Place, Suite 3200
Pittsburgh, PA 15222
(412) 730-4050 (Telephone)
*timur.dikec@nelsonmullins.com*

-AND-

Eric J. Troutman (*pro hac vice*)
California Bar No. 229263
Puja J. Amin (*pro hac vice*)
California Bar No. 299547
Tori L. Guidry (*pro hac vice*)
Louisiana Bar No. 37704
Blake H. Landis (*pro hac vice*)
Florida Bar No. 1058506
TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550
Irvine, California 92618
Telephone: (949) 350-3663
Facsimile: (214) 758-1550
troutman@troutmanamin.com

*Attorneys for Defendant Lit Financial Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2025, a copy of the foregoing was filed electronically and served by other electronic means on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Timur R. Dikec*
Timur R. Dikec