# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NICOLETTE KIRSTEIN**, individually and on behalf of a class of all persons and entities similarly situated<br><br>               Plaintiff,<br><br>v.<br><br>**LIT FINANCIAL CORPORATION**.<br><br>               Defendant. | Case No. 5:25-cv-03660-JLS |

**DEFENDANT LIT FINANCIAL CORPORATION'S
AMENDED ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT**

Defendant Lit Financial Corporation ("Lit Financial"), by counsel, hereby answers the Complaint filed by Plaintiff Nicolete Kirstein ("Plaintiff"). Except as expressly admitted herein, each and every allegation in the Complaint is denied.

**PRELIMINARY STATEMENT**

1.      The allegations in Paragraph 1 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

2.      The allegations in Paragraph 2 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

3.      In response to the allegations in Paragraph 3 of the Complaint, Lit Financial is without knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that her telephone number is on the National Do Not Call Registry and therefore denies the same. Lit Financial denies that it lacked Plaintiff's prior express written consent to contact her by telephone. Lit Financial denies any remaining allegations in Paragraph 3 of the Complaint.

4.      The allegations in Paragraph 4 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

5.      The allegations in Paragraph 5 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial. Lit Financial additionally denies that a class action is the best means of adjudicating the claims alleged by Plaintiff or that the goals of Rule 23 are served by bringing class action allegations against Lit Financial.

## PARTIES

6.      Lit Financial is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies them.

7.      The allegations in Paragraph 7 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

## JURISDICTION AND VENUE

8.      The allegations in Paragraph 8 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

9.      The allegations in Paragraph 9 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

10.     The allegations in Paragraph 10 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

## THE TELEPHONE CONSUMER PROTECTION ACT

11.     The allegations in Paragraph 11 of the Complaint state legal conclusions not

requiring a response. To the extent that the allegations are contrary to law, they are denied.

**The National Do Not Call Registry**

12.     Lit Financial admits that a federal regulation located at 47 C.F.R. § 64.1200(c)(2), pertains to a National Do Not Call Registry. Lit Financial otherwise denies the remaining allegations in Paragraph 12. Lit Financial lacks knowledge or information sufficient to form a belief as to the truth of the various and individual reasons consumers may have for registering their telephone numbers on the National Do Not Call Registry.

13.     Lit Financial admits that the cited regulation, 47 C.F.R. § 64.1200, contains language regarding the duration of a consumer's registration on the National Do Not Call Registry. However, Lit Financial denies the remaining allegations in Paragraph 13 to the extent they suggest or imply that this duration creates an absolute, permanent, or unconditional prohibition on calls. Plaintiff's selective quotation is an incomplete characterization of the federal regulation. The legal obligations established by the regulation are subject to multiple exceptions and safe harbors. Lit Financial further denies this allegation to the extent it implies that it violated the TCPA in any manner.

14.     In response to Paragraph 14, Lit Financial states that 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) are a federal statute and a federal relation that speak for themselves. However, Lit Financial denies the remaining allegation in Paragraph 14 to the extent that they imply that the TCPA and its regulations create and absolute prohibition to calls on the National Do Not Call Registry and to the extent that it implies that Lit Financial violated the TCPA.

## FACTUAL ALLEGATIONS

15.     The allegations in Paragraph 15 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

16.     Lit Financial is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies them.

17.     Lit Financial is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies them.

18.     Lit Financial is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint, and therefore denies them.

19.     Lit Financial is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint, and therefore denies them.

20.     Lit Financial denies the allegations in Paragraph 20 of the Complaint.

21.     In response to the allegations in Paragraph 21 of the Complaint, Lit Financial states that it contacted Plaintiff at the (XXX) 680-XXXX telephone number (the "680 number") because Plaintiff expressed interest in home equity loans, including a 15-year cash-out refinance mortgage, and provided her prior express written consent to be contacted at the 680 number regarding Lit Financial's services and products.  Lit Financial denies any remaining allegations in Paragraph 21 of the Complaint.

22.     In response to the allegations in Paragraph 22 of the Complaint, Lit Financial states that it contacted Plaintiff at the 680 number because Plaintiff expressed interest in home equity loans, including a 15-year cash-out refinance mortgage, and provided her prior express written consent to be contacted at the 680 number regarding Lit Financial's services and products. Lit Financial denies any remaining allegations in Paragraph 22 of the Complaint.

23.     In response to the allegations in Paragraph 23 of the Complaint, Lit Financial is without knowledge or information sufficient to form a belief about the appearance of any call as it specifically appeared on Plaintiff's telephone, and therefore denies them.

24.     In response to the allegations in Paragraph 24 of the Complaint, Lit Financial states that it contacted Plaintiff at the 680 number because Plaintiff expressed interest in home equity loans, including a 15-year cash-out refinance mortgage, and provided her prior express written consent to be contacted at the 680 number regarding Lit Financial's services and products. Lit Financial is without knowledge or information sufficient to form a belief about the appearance of any call as it specifically appeared on Plaintiff's telephone, and therefore denies them.

25.     In response to the allegations in Paragraph 25 of the Complaint, Lit Financial states that it contacted Plaintiff at the 680 number because Plaintiff expressed interest in home equity loans, including a 15-year cash-out refinance mortgage, and provided her prior express written consent to be contacted at the 680 number regarding Lit Financial's services and products. Lit Financial is without knowledge or information sufficient to form a belief about Plaintiff's allegations regarding her purported motivations in answering any call, and therefore denies them. Lit Financial is without sufficient knowledge or information to form a belief as to any remaining allegations in Paragraph 25 of the Complaint and therefore, denies them.

26.     In response to the allegations in Paragraph 26 of the Complaint, Lit Financial states that it contacted Plaintiff at the 680 number because Plaintiff expressed interest in home equity loans, including a 15-year cash-out refinance mortgage, and provided her prior express written consent to be contacted at the 680 number regarding Lit Financial's services and products. Otherwise, Lit Financial is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 26 and therefore, denies them.

27.     Lit Financial is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 27 of the Complaint and therefore, denies them.

28.     Lit Financial denies the allegations of Paragraph 28.

29.     In response to the allegations in Paragraph 29 of the Complaint, Lit Financial is without knowledge or information sufficient to form a belief about the appearance of any call as it specifically appeared on Plaintiff's telephone, and therefore denies them.

30.     In response to the allegations in Paragraph 30 of the Complaint, Lit Financial states that it contacted Plaintiff at the 680 number because Plaintiff expressed interest in home equity loans, including a 15-year cash-out refinance mortgage, and provided her prior express written consent to be contacted at the 680 number regarding Lit Financial's services and products. Lit Financial denies any implications in Paragraph 30 that it violated the TCPA in any manner.

31.     In response to the allegations in Paragraph 31 of the Complaint, Lit Financial is without knowledge or information sufficient to form a belief about the appearance of any call as it specifically appeared on Plaintiff's telephone, and therefore denies them.

32.     Lit Financial denies the allegations of Paragraph 32.

33.     In response to the allegations in Paragraph 33 of the Complaint, Lit Financial

states that it contacted Plaintiff at the 680 number because Plaintiff expressed interest in home equity loans, including a 15-year cash-out refinance mortgage, and provided her prior express written consent to be contacted at the 680 number regarding Lit Financial's services and products. Lit Financial denies any implications in Paragraph 30 that it violated the TCPA in any manner.

34.     Lit Financial is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint, and therefore denies them.

35.     Lit Financial is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint, and therefore denies them.

36.     Lit Financial is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint, and therefore denies them.

37.     Lit Financial is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint, and therefore denies them.

38.     In response to the allegations in Paragraph 38 of the Complaint, Lit Financial admits only that Plaintiff was added to Lit Financial's do-not-call list on June 18, 2025.  Lit Financial did not call Plaintiff after June 18, 2025.  Lit Financial denies any remaining allegations in Paragraph 38 of the Complaint.

39.     Lit Financial is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint, and therefore denies them.

40.     The allegations in Paragraph 40 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

## CLASS ACTION STATEMENT

41.    Lit Financial incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

42.    The allegations in Paragraph 42 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

43.    The allegations in Paragraph 43 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

44.    The allegations in Paragraph 44 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

45.    The allegations in Paragraph 45 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

46.    The allegations in Paragraph 46 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

47.    The allegations in Paragraph 47 of the Complaint state legal conclusions not

requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

48.    The allegations in Paragraph 48 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

49.    The allegations in Paragraph 49 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

50.    The allegations in Paragraph 50 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

51.    The allegations in Paragraph 51 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

52.    The allegations in Paragraph 52 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

53.     The allegations in Paragraph 53 of the Complaint, including sub-paragraphs a through c, state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.  Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

54.     The allegations in Paragraph 54 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

55.     The allegations in Paragraph 55 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

56.     The allegations in Paragraph 56 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

57.     The allegations in Paragraph 57 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied. Answering further, Lit Financial denies that any class could ever be certified in this action against Lit Financial.

58.     Lit Financial is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint, and therefore denies them.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**

59.     Lit Financial incorporates its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

60.     Lit Financial denies the allegations in Paragraph 60 of the Complaint.

61.     Lit Financial denies the allegations in Paragraph 61 of the Complaint.

62.     Lit Financial denies the allegations in Paragraph 62 of the Complaint.  Lit Financial further denies that any class could ever be certified in this action against Lit Financial.

63.     Lit Financial denies the allegations in Paragraph 63 of the Complaint.  Lit Financial further denies that any class could ever be certified in this action against Lit Financial.

**RELIEF REQUESTED**

As to the "Prayer for Relief" paragraph following Paragraph 63 of the Complaint, Lit Financial denies that Plaintiff or any putative class member is entitled to any form of relief under any theory of recovery whatsoever. Lit Financial hereby gives notice that it may rely on other defenses if and when such defenses become known during the course of litigation and hereby reserves the right to amend its answer to assert any other defenses as they become known or available.

**JURY DEMAND**

As to the "Jury Demand" paragraph following the "Prayer for Relief" paragraph, Lit Financial admits that Plaintiff purports to request a trial by jury; Lit Financial denies that Plaintiff or any putative class member is entitled to a jury trial against Lit Financial.

Lit Financial denies, generally and specifically, all allegations not specifically admitted herein, including any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.  Lit Financial reserves the right to rely upon any and all defenses as

11

may become known through discovery or trial. Lit Financial reserves the right to amend this Answer to the Complaint to conform the evidence as determined in discovery or trial.

### Affirmative and Other Defenses

Without assuming any burden of proof or burden not required by law, Lit Financial alleges the following affirmative and other defenses with respect to Plaintiff and members of the putative class she seeks to represent (even if the affirmative defense is addressed only to Plaintiff and without prejudice to Lit Financial's contention that no class can be maintained). Lit Financial reserves the right to raise such additional affirmative and other defenses as may be established during discovery and by the evidence in this case. Lit Financial asserts the following specific defenses:

### First Defense

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiff's claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of putative class members; Plaintiff and her counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties in any attempt to proceed as a class action.

### Second Defense

Plaintiff's claims are barred, in whole or in part, to the extent the claims made in the Complaint on behalf of putative class members are barred by the doctrine of judicial estoppel, collateral estoppel, and *res judicata*, including with respect to any other actions filed by Plaintiff.

4921-6312-5109 v.1

## **Third Defense**

Plaintiff and the putative class members cannot recover from Lit Financial to the extent to which class recovery would deprive Lit Financial of its due process rights to assert individualized defenses to claims of class members.

## **Fourth Defense**

Plaintiff and the putative class members cannot recover from Lit Financial individually or as a class for punitive or exemplary damages on the grounds that any award of punitive or exemplary damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiff and/or the putative class members and the gross disparity between the allegations of harm and the size of the claim. Stating further, any award of punitive or exemplary damages would violate the constitutional standards enunciated in cases such as *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## **Fifth Defense**

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Lit Financial, and further fails to state facts sufficient to entitle Plaintiff or the putative class members to the relief sought, or to any other relief from Lit Financial.

## **Sixth Defense**

Plaintiff cannot recover from Lit Financial under the Complaint to the extent that she has not alleged, or cannot maintain, an actual injury-in-fact as this deprives the Court of Article III

13

jurisdiction.

### Seventh Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, to the extent that Lit Financial obtained prior express consent for the call(s) alleged in the Complaint.

### Eighth Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, to the extent that Plaintiff and the putative class members lack standing.

### Ninth Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, to the extent that Plaintiff and the putative class members are not a "called party" within the meaning of the Telephone Consumer Protection Act ("TCPA").

### Tenth Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, because Lit Financial had and/or reasonably relied upon the requisite consent to make the at- issue calls.

### Eleventh Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, because Plaintiff has not sufficiently alleged (nor can she prove) that Lit Financial willfully violated the Telephone Consumer Protection Act.

### Twelfth Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, to the extent that, at all relevant times with respect to Plaintiff, Lit Financial acted in

good faith and complied fully with the Telephone Consumer Protection Act.

### Thirteenth Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, as any statutory violation by Lit Financial was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation.

### Fourteenth Defense

Plaintiff's claims, and the claims of the putative class members, are barred to the extent they have failed to mitigate their alleged damages.

### Fifteenth Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, under the applicable statutes of limitations as well as the doctrines of waiver, laches, and/or estoppel.

### Sixteenth Defense

Plaintiff's claims, and the claims of the putative class members are barred, in whole or in part, to the extent they are precluded by any previous waivers or releases of claims, including those related to any previous settlement agreements.

### Seventeenth Defense

Plaintiff's claims, and the claims of the putative class members are barred, in whole or in part, by judicial estoppel to the extent they failed to disclose such claims in any bankruptcy proceedings.

### Eighteenth Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, to the extent that Plaintiff's purported damages were the direct and proximate result of

4921-6312-5109 v.1

the conduct of Plaintiff or others.

## Nineteenth Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, under the doctrine of unclean hands.

## Twentieth Defense

This Court lacks personal jurisdiction as to the claims of absent class members who reside outside of Pennsylvania or whose claims have no connection whatsoever to Pennsylvania. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1782 (2017).

## Twenty-First Defense

Lit Financial did not violate the TCPA directly, and Plaintiff fails to allege a claim under any theory of vicarious liability.

## Twenty-Second Defense

Lit Financial did not willfully or knowingly contact Plaintiff on the phone number at issue without prior express consent. To the extent that there was any violation of the TCPA, which Lit Financial denies, Lit Financial shall be liable for no more than a $500.00 penalty, as Lit Financial denies that it willfully and knowingly violated the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

## Twenty-Third Defense

To the extent there was any violation of the TCPA, which Lit Financial denies, Lit Financial shall be liable for no more than a $500.00 penalty, as Plaintiff has not sustained any actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B).

## Twenty-Fourth Defense

Lit Financial is informed and believes that Plaintiff has not sustained any actual injury as a result of the alleged violations of the TCPA. Plaintiff must sustain an injury in fact for each

4921-6312-5109 v.1

individual call for which Plaintiff claims a violation.

### Twenty-Fifth Defense

Lit Financial's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff.

### Twenty-Sixth Defense

Application of the TCPA, as interpreted by the FCC, violates the First Amendment of the U.S. Constitution because such application relies upon content-based restrictions of protected speech. *See Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015) ("Government regulation of speech is content-based if a law applies to particular speech because of the topic discussed or the idea or message expressed.").

### Twenty-Seventh Defense

The TCPA is unconstitutionally vague because the restrictions imposed by the TCPA do not give a person of ordinary intelligence adequate notice of the conduct that is prohibited. *See Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

### Twenty-Eighth Defense

The amount of damages prescribed by the TCPA statute are so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable allowing for the Court to reduce the damage award, if any. Thus, as applied in this case any award of damages should be reduced to comport with due process. *See Golan v. Veritas Entm't, LLC*, No. 4:14CV00069 ERW, 2017 U.S. Dist. LEXIS 144501, at *10 (E.D. Mo. Sept. 7, 2017) ("[t]he TCPA's statutory damages clause is constitutional, but a specific damages award may be unconstitutional if it is 'so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable.'" (quoting *Capitol Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir.

2012))).

### Twenty-Ninth Defense

The allegations of the Complaint, and the purported causes of action alleged in the Complaint, are not pleaded with sufficient particularity, are uncertain, vague, ambiguous and unintelligible, and fail to meet the applicable pleading requirements.

### Thirtieth Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff's requested relief is too speculative and/or remote and/or impossible to prove and/or allocate.

### Thirty-First Defense

Lit Financial reserves the right to assert arbitration.

### Thirty-Second Defense

Plaintiff's claims should be dismissed or transferred on the grounds of *forum non conveniens* because Lit Financial is a Michigan corporation and any potential witnesses and records exist outside of Pennsylvania. As such, Michigan is the appropriate forum for this matter.

### Thirty-Third Defense

Lit Financial is without sufficient knowledge or information to form a belief as to whether it may have additional, but yet unstated, affirmative defenses available to it, and accordingly, Lit Financial reserves the right to assert additional defenses in the event discovery indicates that the same would be appropriate.

### COUNTERCLAIM

### LIT FINANCIAL CORPORATION v. NICOLETTE KIRSTEIN

### JURISDICTION

1.     Plaintiff in the present action is Nicolette Kirstein ("Plaintiff"), docketed in the

United States District Court for the Eastern District of Pennsylvania, Civil Action No. 5:25-cv-03660-JLS ("Action").

2.      Defendant in the Action and Counterclaimant is Lit Financial Corporation ("Lit Financial").

3.      If the Court has subject matter jurisdiction over the Action, then the Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367(a) as the Counterclaim arises out of the same transaction or occurrence as Plaintiff's claim.

## FACTS

4.      On June 11, 2025, Plaintiff visited a website operated by FreeRateUpdate.com (the "Website") and submitted a lead form requesting information about home equity loans and refinancing products.

5.      During Plaintiff's visit to the Website, Plaintiff submitted a form that included her personal information including her 680 telephone number, her first and last name (Nicolette Kirstein), her email address (nicolettelauren@yahoo.com), and part of her Pennsylvania address (403 Bruce St.).

6.      The following websites list Nicolette Lauren Kirstein as associated with the 403 Bruce St. address and the 680 telephone number:

a) https://www.medicarelist.com/dietitian/nicolette-lauren-kirstein-rd-ldn-cdn-wind-gap-pa/;

b) https://www.ehealthscores.com/providers/listing/PA/PORTLAND/133V00000X/;

c) https://npidb.org/doctors/dietary_and_nutritional/dietitian-registered_133v00000x/1184232415.aspx;

d) https://www.mapquest.com/us/pennsylvania/kirstein-nicolette-lauren-790263652.

19

7.     Additionally, the websites listed in Paragraph 6 (a)-(c) of this Counterclaim provide the 403 Bruce St. address and 680 telephone number as the location of Nicolette Lauren Kirstein's current practice as a registered dietician.

8.     Upon information and belief, Plaintiff falsely alleges in Paragraph 18 of her Complaint that her 680 number "is not associated with any business, nor does Plaintiff use this telephone number for business purposes." ECF No. 1 at ¶ 18.

9.     The disclosure on the Website stated the following:

"We take your privacy seriously. By clicking the button above, You agree that we can share your personal data with third parties, such as our mortgage partners, service providers and other affiliates, and that we can use this data for marketing and analytics, and to make your experience easier. you are also providing your **express written consent** to have your information shared and to be matched with up to five underlined approved lenders and for them, or their authorized third party, to call you at the number you have provided including through automated means such as autodialing, text SMS/MMS (charges may apply), and prerecorded messaging, and/or via email, even if your telephone number is a cellular phone number or on a corporate, state, or the National Do Not Call Registry, and you agree to our Privacy Policy Privacy Policy. Consent is not required as a condition to utilize FreeRateUpdate's services, you may choose to use our services by calling 855-315-7283. Consent is not contingent on the purchase and/or use of any services being offered by a Lender.
Message frequency varies. Call 855-315-7283 for help. Text STOP to cancel. Terms and Conditions"

10.     The consent disclosure included authorization to receive phone calls and/or text messages using automated technology, artificial or pre-recorded calls, even if the telephone number was on the National Do Not Call Registry.

11.     On June 11, 2025, Lit Financial was listed as an "approved lender" on the hyperlink found in the disclosure.

12.     Prior to Plaintiff receiving any calls from Lit Financial, Plaintiff provided her express written consent to be contacted by lenders, including Lit Financial, and provided her contact information requesting phone calls regarding mortgage products including home equity

loans and refinancing products.

13.     Based upon information and belief, Plaintiff's claims against Lit Financial are fraudulent and manufactured, as Plaintiff provided her contact information via the Website on June 11, 2025, so that Plaintiff would receive calls from lenders listed on the Website's approved lender page and could thereafter claim the calls were unwanted and in violation of the TCPA.

14.     Lit Financial received Plaintiff's contact information, including Plaintiff's 680 telephone number, because she opted-in via the Website on June 11, 2025.

15.     On information and belief, Plaintiff submitted the lead form under false pretenses.

16.     Plaintiff knew that she opted-in to receive phone calls and that lenders from the Website's approved lender page would rely on that opt-in information to place phone calls to her number.

17.     Lit Financial reasonably relied on the fact that Plaintiff provided her consent to receive phone calls from Lit Financial.

18.     Plaintiff's consent was the direct and necessary reason for Lit Financial's call to her 680 telephone number.

19.     Lit Financial took actions based on Plaintiff's consent and interest, including paying a fee to the Website operator for Plaintiff's lead data, costs for employee time, telemarketing services, obtaining leads, and resources.

20.     In addition, Lit Financial has now been required to engage attorneys and incur costs associated with defending against Plaintiff's spurious and fraudulently induced lawsuit—all based on its reasonable reliance on Plaintiff's consent to receive phone calls.

## COUNTERCLAIM COUNT I: COMMON LAW FRAUD

21.     Lit Financial incorporates the foregoing paragraphs as if set forth at length herein.

4921-6312-5109 v.1

22.     Plaintiff knowingly and intentionally made false representations by opting into telemarketing communications in order to induce calls to her telephone number.

23.     Plaintiff has committed common-law fraud against Lit Financial because she made material false representations to Lit Financial that she knew were false and that she intended Lit Financial to rely upon. Lit Financial relied on those representations to its detriment and was injured as a result.

24.     Specifically, Plaintiff knew or had reason to know before she filed this suit that she affirmatively gave Lit Financial consent to receive phone calls from Lit Financial at her phone number ending in 2863.

25.     Plaintiff intended Lit Financial to rely on those representations so that Lit Financial would then make calls that they reasonably believed Plaintiff had requested.

26.     Plaintiff concealed her true intent to invite and then litigate against these calls.

27.     Lit Financial relied on Plaintiff's express consent, which directly led to Lit Financial incurring financial losses including wasted time contacting her, reputational damage, and the cost of defending litigation instigated by Plaintiff under false pretenses.

28.     Despite knowing about her opt-in, Plaintiff continues her misrepresentations by claiming the phone calls were unsolicited in her lawsuit.

**WHEREFORE**, Lit Financial respectfully demands that the Court enter judgment in its favor and against Plaintiff, together with costs, attorney's fees, disbursements, and any other relief deemed appropriate by this Honorable Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Lit Financial prays for relief and judgment, as follows:

A. That the Complaint be dismissed with prejudice;

B. That judgment be rendered in favor of Lit Financial against Plaintiff with respect to the Counterclaim;

C. That Plaintiff take nothing by reason of the Complaint;

D. That Lit Financial be awarded its costs of the suit and reasonable attorneys' fees incurred in defense of this action to the fullest extent allowed by law; and,

E. For such other relief the Court deems just and proper.

### JURY TRIAL DEMAND

A jury trial is demanded on all issues triable by a jury.

Date: October 24, 2025,                    Respectfully submitted:

*/s/ Timur R. Dikec*
Timur R. Dikec
Pennsylvania Bar No. 333225
Nelson Mullins Riley & Scarborough LLP
One PPG Place, Suite 3200
Pittsburgh, PA 15222
(412) 730-4050 (Telephone)
*timur.dikec@nelsonmullins.com*

-AND-

Eric J. Troutman (*pro hac vice*)
California Bar No. 229263
Puja J. Amin (*pro hac vice*)
California Bar No. 299547
Tori L. Guidry (*pro hac vice*)
Louisiana Bar No. 37704
Blake H. Landis (*pro hac vice*)
Florida Bar No. 1058506
TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550
Irvine, California 92618
Telephone: (949) 350-3663
Facsimile: (214) 758-1550
troutman@troutmanamin.com

*Attorney for Defendant Lit Financial Corporation*

23

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 24, 2025, a copy of the foregoing was filed electronically and served by other electronic means on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.


*/s/ Timur R. Dikec*
Timur R. Dikec